case number 318 0441 people of the state of Illinois appellee versus Michael Howard appellant counsel um can you hear the court yes okay okay uh good okay Mr. Atwood your your mic is on right yes sir okay very good okay counsel you may proceed uh yes thank you I am Caroline Borland for the appellant Michael Howard uh good afternoon your honors counsel may it please the court the predominant issue of Michael Howard's jury trial was whether he was committing a felony specifically armed robbery when Garrison Collins was killed the evidence offered on that issue was not overwhelming however a number of errors occurred that created the risk the jury would resolve this case not based on the state's proof but instead by relying on evidence that either should not have been presented at this trial or on which the jury was improperly instructed in the interest of time today I know this court is aware we have raised four issues in the brief I plan on arguing our first and second issue but briefly I did want to acknowledge on our fourth issue we had argued the trial court erred in collapsing the rule 431b principles on Friday in People v. Burge the Illinois Supreme Court did hold that's not clear and obvious error so we do acknowledge that decision and today I will begin first addressing our second issue regarding the failure to sever the unlawful use of a weapon by a felon charge and then touch also on the instructional issues as raised in the first argument first Howard did not receive a fair trial where his charge of unlawful use of a weapon by a felon was not severed from the felony murder and armed robbery charges in this case under Illinois statute a court should grant a severance if it appears the defendant may be prejudiced by the joinder of related prosecutions and at this point it's now fairly black letter law in Illinois that a defendant is prejudiced when the jury learns of his prior convictions through a joined enhanced weapon charge that carries the prior conviction as an element of the offense this was first this principle was first established by the Illinois Supreme Court over 40 years ago in People v Edwards it has since been reiterated by a number of courts as we cited in the briefs uh the and in fact I would note the state has not cited any case where a reviewing court has found the trial court abused or a trial court exercised sound discretion in not denying a motion and denying a motion to sever when an enhanced weapons charge is at play that allows the prior conviction to come in this principle where was the motion to sever uh it occurred it was prior the jury prior to the first day of jury trial the court was getting ready to um relate to issue to tell the jury what the charges were in the case and counsel said initially he requested to not have the jury learn that Howard was a convicted felon in this case to keep that out the state kind of said okay well we will just read his the we will just we'll keep his the name of his conviction out of the jury and tell them it's something that has to be or we'll just stipulate to the fact that he was convicted and keep that out and then counsel said well actually I was asking for the whole thing to be kept out judge and our primary contention and this is one to which the state agrees is that that was in fact a motion to sever because counsel said uh I want to keep the whole thing out in the alternative though we have argued that if counsel did not make a formal motion to sever then he was ineffective in doing so and so we're raising both of those arguments um and in that regard um the reason why prior convictions are kept out and uh is because and why severances are granted typically in this instance is because it's fair it's also well established law that when a jury learns of a prior conviction it will infer his propensity to commit a crime in this case the jury learned through the joint unlawful use of a weapons charts that Howard was in fact a convicted felon having been convicted of some prior felony in the fact in the past of which the jury was not informed this was greatly prejudicial in this case where the primary issue on appeal was or I'm sorry at trial was that whether or not Howard was committing a felony when Collins was shot and killed to that end there was a risk the jury would rely on the impermissible inference that since Howard had committed other felonies in the past he was more than likely committing a felony again here and I would note the state did link the prior felony to Howard's current charges for murder and armed robbery stating in closing the evidence shows that the defendant a convicted felon who could not have a firearm had a firearm went into that basement ran down those stairs why do you think that happened why did he go there if not as a participant in the robbery thus the state referenced the prior felony murder the prior felony to the why of this crime which was the very issue before the jury the state argues that Howard was not prejudiced from the denial of the motion to severance or from the fact that his charges weren't severed because the name of his prior felony conviction aggravated battery was kept away from the jury they stipulated only to the mere fact of the prior conviction but that has not mattered to courts in fact even in one of the state's cases people v fields the court recognized that a stipulation to the mere fact does not eliminate the unfair prejudice to defendant as a bare announcement unavoidably invites jury speculation about the nature of the prior crime the same holding was reached in people v johnson the second district case we've cited where the court found counsel ineffective and failing to sever the charges even though counsel did stipulate did secure with the state of stipulation only to the mere fact of the prior was a convicted felon at all was still very prejudicial again because the jury could infer any number of crimes from that perhaps he'd committed armed robbery like he was on trial perhaps even murder again it just allowed them to speculate and it did not and so not naming the prior conviction did nothing to mitigate the prejudice in this case and we would submit as ultimately the only case the only real question is who holds the blame for this error in this case again our primary contention and the one to which the state agrees is this was something properly brought to the trial court and it was something denied for the court's discretion we would say the court did not exercise sound discretion in that regard it did not consider any facts in this case it did not cite the law it just said quote unquote i don't want to do that illinois supreme court has held courts must consider facts and when they base their decision on a whim or something arbitrary that is an abuse of discretion and here the law does show that you should sever charges when it's going to allow the jury to learn of a prior conviction and the alternative if counsel if this court finds counsel did not do enough to formally move to sever then counsel was clearly ineffective in that regard the state agrees defense counsel tried to keep the whole thing from the jury there was certainly no strategy and trying everything at there's only two elements of unlawful use of a weapon by a felon which is possession of a gun and the prior crime counsel here stipulated to the prior crime there was also no dispute at trial that howard did in fact possess a gun so counsel couldn't have hoped uh that he could get a you know try to get an acquittal on everything if he tried everything all if he tried all these charges at once and numerous courts in fact all of the courts have found that when there is no strategy for all or nothing defense to try to get that out counsel is ineffective in failing to secure a severance or to at least request a severance in that case and in this case counsel even when the judge said i don't want to do that defense counsel said okay yeah okay thanks yes and he he then did try to mitigate it at least by not naming the prior felony but yes he did he didn't press forward any further on that end um what do you have to what do you have to did he have to keep moving on no i said would he have had to say more than okay uh to to try to i mean he did make his request to the court uh the state says you don't have to keep pressing for something our contention is the law on this was so clear that counsel should have said hey wait a minute this is something that's really prejudicial the court wants to keep it out so counsel should have continued pressing forward on that is our position on that matter um okay because you're arguing ineffective assistance of counsel at this point right yes we're arguing both yes trial court abused its discretion in denying motion to sever and counsel wasn't effective and not doing everything he could to make sure to get the severance but there was a clear ruling from the trial court nonetheless yes and it was it was simply i don't want to do that that was the beginning and the end of the court's ruling on that matter so and yes um and in addition to the severance issue the prejudice caused by howard from the denial of the severance was compounded by the failure to properly instruct the jury on several fundamental principles of law as set forth in argument one i will first address the under ipi 3.13x that howard's prior conviction was only relevant to whether he committed unlawful use of a weapon by a felon and that the jury could not consider that in resolving his guilt on the murder and armed robbery charges notably in edwards bracey and other cases courts have found prejudice from the joinder of weapons charges even when the jury was giving a limiting instruction so certainly not giving a jury instruction in this case could do nothing but increase the danger that the jury would use that conviction improperly and indeed in johnson the second district case where counsel was found ineffective and failing and not moving to sever the court held that he further denied his client a fair trial because he did not request this limiting instruction here the only reason this instruction was not given was because the parties were confused on the issue they all thought that if they gave ipi 3.13x it would include the language that says ordinarily prior convictions can only be considered as they impact a defendant's credibility but in this case you can also consider for unlawful use of a weapon by a felon counsel was worried about what this might do to uh it might muddy the waters was what counsel said how they might consider that howard was incredible because of this conviction but what they all failed to realize is that when the defendant does not testify that entire portion is removed the jury has no reason not to give the instruction in this case and it's absent prejudice howard so too did the absence of the instruction that co-defendant sam gordon's conviction in this case was also not evidence against howard as we've argued in argument 1c on this issue there was no real dispute that an instruction should have been given prior to sam gordon testifying the counsel intended to bring out her conviction in order to impeach her the trial court said well the flip side of that coin is that the jury may think well another jury heard these proofs and they convicted the defendant maybe we should make the same conclusion here the state suggested that the way to minimize that prejudice was to offer limiting instruction that sam's convictions were not evidence against howard uh nobody objected to this the court seemed amenable to counsel did not dispute that it should be given they simply it seems like it just kind of fell through the cracks they moved on to some other issues and then ultimately this instruction was never given certainly in people v sullivan the illinois supreme court held just as the state said here evidence of a co-defendant's convictions are not admissible as evidence of the defendant's guilt they are only admissible as impeachment also notable is that they cited two prior supreme court cases graf and baker where limiting instructions had been given the jury was told not to allow evidence of a defendant's code of fiction i'm sorry a co-defendant's conviction to influence their own verdict or consider it all during deliberations thus the instruction discussed by the parties here conformed precisely to illinois supreme court law i would also note in sullivan where instruction was not given when evidence of the co-defendant's conviction was it was the combination of the absence of the instruction and the fact that the state mentioned the co-defendant's convictions in closing argument here as well the state certainly never we don't argue any sort of misconduct and the state certainly never said because sam gordon was convicted you should find howard guilty too but the state did note several times they referred to sam gordon's conviction they said sam's not a good person howard's not a good person sam had her trial she's already been convicted now she's going to prison where she belongs and now her accomplice howard is on trial even if the state did not directly say you need to find howard guilty because of this it was still something brought to the jury's attention right before deliberations in this case it was a fact that the jury was reminded of right before deliberations so an instruction would have further reminded the jury they could not consider that point and i do see my time is starting to go down so i will touch very briefly on the third instruction that was not given as set forth in argument 1a which is how in addition to the fact that the jury was not properly instructed on how to limit prejudicial evidence in this case it was also not told how to give proper weight to admissible evidence specifically it was never told under ipi 3.11 that sam gordon's prior testimony that there was no plan to rob collins that she just went to his house to prostitute herself that night was evidence that could be considered for truth at this trial nor was the jury told that other prior inconsistent statements made by sam such as her statement to detective rezak before trial that she did not sell herself for money something that was clearly not offered for the truth of the matter but for impeachment was in fact relevant for impeachment the defense theory in this case hinged on two key points that there was no plan to rob collins or at least one in which howard was not involved and that sam was incredible when she testified for the first time at this trial that there was in fact such a plan ipi 3.11 was vital to support that theory first without ipi 3.11 the jury knew only that sam's testimony that there was no plan to rob collins was something she had said in the past it was never told under ipi specifically that her prior testimony actually constituted substantive evidence in this case as well that the jury should consider as put forth to them at this trial second without ipi 3.11 counsel's argument that sam's inability to tell consistent stories rendered her incredible was simply argument and theory mentioned by the trial by trial counsel informing the jury under 3.11 that this was actually the law would have told the jury oh this is something we should consider as well it's something that should play an important part in our deliberations thank you your honor yes miss morland you'll have time and reply mr atwood you may respond uh nicholas atwood for the people of the state of illinois i'm arguing in place of mark ostil who filed the brief in this case but who has since retired may it please the court uh i'll address the issues the defendant has raised in the order that she raised them first beginning with issue two regarding whether the trial court aired when it refused to deny or when it refused to sever the unlawful weapons charge from the armed robbery and murder charge uh defendant referred to it as black letter law in illinois that you're required to sever such charges but that's actually not the case it is a discretionary decision by the trial court and it's reviewed under the abuse of discretion standard and what's important to consider uh in determining whether or not a defendant was prejudiced by a court's refusal to uh sever this charge is the evidence that was against the defendant um here the charge was that he was also convicted of a murder or an armed robbery but it equally could have allowed them to consider that he was convicted of unlawfully pulling a fire alarm when he was a senior in high school that's a class four felony in the state well that in and of itself counsel give me one reasonable explanation for not severing these charges i mean one factor that weighs against severing the charges well the case law basically considers that the fact the state has an interest in judicial economy so that would be one legitimate factor that's been identified by uh the courts of this state and that is a legitimate reason for the court to deny it the parties did not expound on that issue and defense counsel uh didn't press it further likely because he didn't want to risk alienating the judge on the eve of trial as we saw uh in the record there were some moments where the judge did not look favorably upon being given voluminous motions with no notice he did that to the state and he did that to the defendant uh during the crankle inquiry uh so it's entirely likely that knowing the judge having practiced in that court for many years uh council knew the decision was final and of course the judge is presumed to know the law and apply it properly so it's not the judge isn't required to offer any further explanation other than a refusal to sever but in addition to that when we consider the fact that the jury didn't know what the felony was and we look at the evidence it's not reasonable to believe that the jury convicted the defendant of murder and armed robbery simply because at the very end of all the evidence presented the party stipulated the fact that he has in fact been convicted of a prior felony which was in which was for the limited purpose of the unlawful possession of a weapon by a felon charge uh the court did provide a limiting instruction generally uh to the jury that said the evidence that was offered for a limited purpose could only be considered for that purpose with regard to that specific charge the jury was informed of the felony's existence and they were given the jury instruction for that charge therefore the jury would have followed the instructions and only considered it for that in addition as council noticed that the central issue here was whether the defendant could have been convicted of felony murder on the basis that there was a plan to rob the victim in this case and we had obviously the the questionable witness uh sam her prior uh testimony her own trial was totally contrary to the testimony at this trial but what we do have is a lot of evidence that supports her present testimony most importantly the text messages that were sent back and forth from sam's phone to mia's phone uh we know that uh the time stamps coincide with when sam was in the house and one of the messages that was sent from mia's phone to sam's phone was he ready what else could that mean but the defendant is ready to engage in his purpose his part of the robbery the most reasonable inference for the jury to make from that evidence is that the parties formed a plan after they saw the victim at the gas station and drove over to his house the defendant stayed and the defendant had the gun which he then took into the residence and we know that uh brankle the roommate in the basement testified that he heard the individual come running down the stairs went directly to the victim's room only paused for two seconds and then went in and then he heard uh something something uh motherfucker and then the gun shot you know given this evidence it's reasonable for the jury to infer that the defendant pulled the gun out before he went into the room and then engaged in the robbery and that there was no self-defense element to this so all of these facts i mean just so i'm clear is is that a harmless error argument you're making or well what the case law essentially says is that the defendant's not prejudiced if the evidence is sufficient to suggest that the result wouldn't be different had that charge been severed and so the argument is the evidence supports the conviction because either way whether it was severed or not just the knowledge of that charge was insufficient to convict him of armed robbery and murder when there was all this other evidence of armed robbery and murder okay thanks um moving and and most importantly uh one thing that we mentioned is the defendant never raised this issue in a post-trial motion so the argument goes to whether or not there was clear air because it was forfeited um also as far as the ineffective assistance of counsel argument i touched on counsel's actions earlier he did object at trial to allowing uh the charges to be uh presented together he wanted them to be severed uh it's the state's position that he didn't have to do anything further if the judge had issued his ruling in a matter-of-fact way it wouldn't have served any benefit to defend and to uh to harp on that issue moving on to issue one uh i'll take these just in the order they were presented in the brief uh the defendant first argued that uh ipi 3.11 should have been given because it would have informed the jury that they could have considered sam's testimony as substantive evidence however the jury was never informed that it could limit that testimony's consideration in any way there was no instruction that that testimony was purely for impeachment and so 3.11 would have been redundant to the other uh instructions that were given most notably ipi 1.02 which told the jury that they're the the judges of the believability of the witnesses and the weight to be given to the evidence if they were never told they could only consider her evidence for impeachment logically they also considered whatever sam's testimony included as substantive evidence you know the problem with that being uh for the defendant is that you know in her prior trial she testified that you know she had not or that there was no plan and that's what defendant wanted everyone to hear and they weren't prevented from hearing that the issue was that her testimony was not credible she testified at this trial that um that wasn't the case she had she was the state fronted that she was receiving a sentencing agreement in exchange for her truthful testimony and counsel repeatedly impeached her and attacked her credibility and he also did so in closing arguments and that's important to consider because in in in this regard he was able to refer to all the evidence that had been presented in trial he wasn't simply limited to the evidence that went towards impeachment if the jury simply chose to believe her testimony this time around and not the previous time doesn't convince that there was an error here the year the instruction simply would have been redundant because they were never told they had to limit their testimony with regard to ipi 3.13 x that's the instruction that defendant's prior conviction could only be admitted for that limited purpose or for the single purpose that instruction also wasn't necessary because the jury was informed by the trial court that any evidence that was offered for a limited purpose should only be considered for that purpose moreover while defense counsel did not how's the jury know that there was evidence entered for a limited purpose that they're not instructed well they were specifically this evidence the evidence of his prior conviction i think the context in which it was presented to the jury informs them of how it's for limited nature there was no testimony presented for it it was simply the stipulation was admitted into evidence that there was a prior conviction and then they were given the instruction uh with regard to that charge that that clearly only applies to the stipulated felony there was no other instruction your position is basically the way in which the purpose in concert with the instruction they were given they were told any evidence offered for a limited purpose can only be considered for that purpose and then they were told they were given just an instruction for the unlawful possession for a weapon charge the stipulated felony doesn't go with any other evidence so by a process of elimination the jury could only consider it for that purpose there was no instruction that says you can convict the defendant of felony murder simply because he's been convicted of a prior felony that would you know that's what you would have to beg the question for moreover the omission of that instruction didn't deny the defendant a fair trial because as we stated the evidence was sufficient to convict him he never challenged the fact that he had shot the victim and he never challenged the fact that he was present he only challenged whether or not he was involved in a plan to rob the victim which the text messages and sam's testimony showed and therefore it wasn't he wasn't harmed by the failure to provide this instruction well wait a minute those text messages weren't between uh sam and his phone they were between sam and the other woman's phone weren't they that's correct but when you read the text messages this the message that goes from sam from mia's phone to sam's phone is the critical one we know the defendant is sitting right next to her in the sam's or mia is in the back seat defendant is in the front seat and she texts to sam he ready and as i stated earlier the only inference that can be made from that is that he's ready to come in and that coincided with the text messages to make sure the door was unlocked so the defendant could come in this isn't a situation where the defendant went charging into the house because he might believe that sam was in trouble or was being victimized by the victim it was clearly a and she double-checked the door to make sure that he could come in and then i think the defendant had also mentioned or the evidence indicated at trial that he'd lost his phone it was missing somewhere in the vehicle so when you consider that evidence and you consider the he ready statement the reasonable inference for the jury to make is that the defendant was aware of the plan and he acted accordingly uh with regard to uh the testimony that indicated sam had been convicted of this crime uh it's important to know that the jury wasn't privy to all the evidence that was presented at her trial um we don't know if mia testified at her trial about a plan that the two would hatch in order to obtain her conviction we only know that she testified at her trial and significant portions of that testimony were read and she testified at this without knowing more evidence that was presented against her it's not reasonable to consider that merely because the jury knew that she'd been convicted that it also convicted this defendant and the case law supports that it's not an automatic error if the conviction of a of an accomplice is revealed to the jury especially when the prosecutor doesn't rely solely on that prior conviction as was the case in sullivan which defense counsel cited in that case there was and throughout the closing argument the prosecutor relied heavily on the fact that they found this prior defendant guilty so you should also find this defendant guilty now here the context of the prosecutor's closing arguments was simply that this was an accountability theory and so it was reciting the facts that were elicited during this trial one of those facts including that sam had been previously convicted and with that um turning quickly to the crankle issue number three um the people's position here is that an adequate crankle inquiry was uh conducted by the trial court uh we did know in our brief that the trial judge did take a rather petulant tone with the defendant during that hearing however he did that with the attorneys earlier uh during a pre-trial motion he made a whether or not they wanted to dump any more motions on him and he referred to them as car manuals i think because of how voluminous they were so it appears that's really just a pet peeve of the judge as opposed to something that he would have specifically held against the defendant moreover he did ask the defendant questions about the various claims that he had and there was a back and forth there and the court properly denied the appointment of new counsel and if there are no other questions people would ask that this court affirm the defendant's convictions and sentence uh i don't believe there are mr adwood thank you thank you miss borland you may reply i knew i was going to forget to unmute myself um yes uh to respond um i have a few brief points the first one um is regarding the fact that the trial court said gave this instruction you should only consider evidence that came in for a limited purpose in addition to the jury never being told what evidence did come in for a limited purpose the trial court immediately said after that i don't think we did that in other words the trial court gave that instruction but then said there was no limiting evidence in this case so the jury had no way to infer that any of the evidence given in this case was limited and was given free reign to consider all of it for substantive purposes i would also note that the state relies on judicial economy being a reason to deny the severance in this case but that only shows why that would be a further abuse of discretion courts have held that judicial economy cannot be the only or even the main factor in denying a severance motion this is because in every case their judicial economy will be served by trying everything at once so let me ask a question along that line i think you've been pointed out this guy had a 0.0 chance of beating the unlawful possession by a felon charge right that's correct so um you know after the trial uh his lawyer could have put him out and this failure to sever and your point is it prejudiced him in the felony murder case did it really have any effect on his unlawful possession by a felon case uh we would i mean no i don't think it prejudiced him in that charge which is why we're not asking for a new trial on the unlawful use of a weapon charge the greater danger was the flip side of learning about this prior conviction and how that would affect the armed robbery and felony murder charges okay and to that end oh sorry oh thank you i'm sorry you answered my question oh okay um yes and so um and yeah to that end the fact that council probably could have offered a guilty plea to that charge was something the trial court could have asked if worried about judicial economy even if howard was not worried about that or was not willing to plead guilty there could be a stipulated bench trial they could refer back to the statement here all the evidence presented at this trial so that wasn't a good reason and i would note edwards held state does have an interest in pursuit of judicial economy but that's not enough of an interest to allow an enhanced weapons charge to be tried jointly with other charges um the fact that the stipulation occurred at the end of the trial also does not mitigate the prejudice or yeah mitigate the prejudice that occurred here again edwards it also came in at the end of trial in fact stipulations typically come toward the end of the trial um that or the end of the state's case at least and we would argue that's effectively only serves as icing on the cake uh because they've heard all the evidence and now they're questioning stuff the easy fallback is oh he's been convicted of this before he's been convicted of another crime before perhaps if that makes it more likely that he did that here as well um touching upon i would say the case where you look to the overwhelming evidence that the state has cited or whether you see if there was other overwhelming evidence i believe the state is relying on patterson and that's what they cited in their brief and that was a case where the defendant did not have a joint enhanced weapons charge tried it was two counts of aggravated criminal sexual assault one against his son and one against his daughter the court said he was not prejudiced because even if the charges had not been severed it's a sexual assault case the other crimes can come in as propensity evidence anyway so that's not something to make a difference and in terms of the evidence in this case the evidence was closely balanced people vis-a-vis says you look to whether there's two plausible versions of events given in the case and then it's up to the jury to get to pick which one is more credible here there were these text messages but that was something for the jury to kind of make inferences from i would say he ready is not the only inference that he's ready to come in the very last message that mia sent to sam was come on girl let's go howard testified or not testified but said in his statement which was substantive evidence the one and only reason he went in was because mia told him to go get sam that does corroborate with come on girl let's go uh these kind of things and at the same time the jury was considering sam's true version of the these events they had to know that her testimony at this trial she had something to gain the first time she ever said there was a plan she was facing 120 years in prison except for her testimony in this case the jury was given that so there are things for the jury to weigh in resolving this evidence and prostitution is dangerous so the fact that checking the door unlocked all of these things there are inferences the jury could be made ultimately it was the jury's call to determine the evidence in this case the evidence was closely balanced thank you your it will be taken under advisement a written disposition shall issue i believe now you'll be escorted out at this time from the remote proceeding thank you both